UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STUART NISSENBAUM, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESTORATION HOLDINGS, LLC,<br><br>Defendant. | Case No.:<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT**

Plaintiff, Stuart Nissenbaum, on behalf of himself and other similarly situated individuals, sues Defendant Restoration Holdings, LLC ("RH") and alleges the following:

**NATURE OF ACTION**

1. This case concerns automated telemarketing text messages RH sent to Mr. Nissenbaum promoting the sale of hair restoration services in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. RH's automated equipment continued to send these messages even after Plaintiff repeatedly instructed RH to stop sending further messages.

3. Because telemarketing campaigns run by automated equipment are generally programmed to send messages to thousands of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed class of persons who also received Defendant's messages after making a stop request.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff Stuart Nissenbaum is a resident of Denver, Colorado.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. RH is a limited liability company organized and existing under the laws of Illinois, with its principal place of business located at 26. W. Mundhank, South Barrington, IL 60010.

10. RH operates over fifty locations nationwide.

## LEGISLATIVE AND REGULATORY BACKGROUND

11. The TCPA instructs the Federal Communications Commission to implement regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c).

12. Pursuant to that instruction, the FCC has implemented the following rule: "Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the

date such request is made. This period may not exceed thirty days from the date of such request." 47 C.F.R. § 64.1200(d)(3).

13. The TCPA provides a private cause of action to persons who receive calls in violation of this regulation. 47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, Mr. Nissenbaum was the primary user of the telephone number (847) 903-XXXX ("Plaintiff's Number") and used this number for personal purposes, including inside his home.

15. Between October 4, 2023 and December 6, 2023, RH's utilized automated equipment to send several text messages to Plaintiff's Number promoting the sale of its hair restoration services, including the following message sent on December 6, 2023:

> "Hey Stuart, it's Alex from RESTORE Hair. I noticed you haven't scheduled your hair restoration consultation yet and thought this new offer we just announced might be the clincher for you to make 2024 the year you get your hair back. With this offer, get $1500 OFF your standard F.U.E. procedure PLUS a complimentary Laser Cap ($1250 value) – this is our most generous offer to date! Spots are extremely limited and we expect every one will get filled, so contact me today to set up your complimentary consultation. Procedure must be booked by Dec 29th, and must take place between March 1st – Sept 30th, 2024. Can't be combined with any other offer. Please also note that our annual price increase goes into effect on Jan 1st. If you want to opt out of me sending you add'l texts pls reply with 'stop'."

16. Plaintiff responded to this message by texting the word "Stop."

17. Despite that instruction, RH utilized automated equipment to send the following message to Plaintiff's Number on December 20, 2023:

> "Hey Stuart, it's Alex from RESTORE Hair. Time is running out to get $1500 OFF your standard F.U.E. procedure PLUS a complimentary Laser Cap ($1250 value)

> – this is our most generous offer to date! Spots are filling up quickly, so contact me today to set up your complimentary consultation. Procedure must be booked by Dec 29th, and must take place between March 1st – Sept 30th, 2024. Can't be combined with any other offer. Please also note that our annual price increase goes into effect on Jan 1st. If you want to opt out of me sending you add'l texts pls reply with "stop"."

18. Plaintiff responded to this message by again texting the word "stop" several times.

19. Despite that instruction, RH utilized automated equipment to send several additional text messages to Plaintiff's number promoting the sale of its hair restoration services, including the following message on January 30, 2024:

> "Hey Stuart, it's Alex from RESTORE Hair. Time is running out on our "New Year, New You" promotion to get $1,500 OFF + 200 FREE grafts. Spots are filling up quickly, so contact me today to set up your complimentary consultation. Btw it's valid for procedures starting at 1800 grafts. Your procedure must be booked by 1/31/24 and must take place between 3/1/24 – 10/30/24, and it can't be combined with any other offer. Any questions just lmk! And if you want to opt out of me sending you add'l texts pls reply with 'stop'."

20. RH failed to institute the procedures necessary to honor do-not-call requests and did fail to honor Plaintiff's do-not-call request.

21. It is industry standard for automated text message systems to honor stop requests immediately and to send an acknowledgment of the stop request. RH failed to meet these standards.

22. RH's actions harmed Plaintiff by intruding upon his seclusion, interfering with the legitimate use of his phone, wasting his time, and invading his privacy.

## **CLASS ACTION ALLEGATIONS**

23. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

24. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23(b)(3).

25. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States to whose (1) residential telephone number (2) Defendant sent at least two text messages within a 12 month period (3) promoting its services for sale (4) at least 7 days after receipt of a "stop" reply (4) and within four years of the date of the Complaint.

26. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

27. The Class defined above is identifiable through phone records and Defendant's internal records.

28. Given the generic nature of the telemarketing campaign, and the use of programmed, automated telemarketing equipment along with the fact that Defendant operates over fifty locations nationwide, the Class numbers at least in the hundreds. Individual joinder of these persons is impracticable.

29. Plaintiff is a member of the Class.

30. There are questions of law and fact common to Plaintiff and the Class, including but not limited to the following:

- Whether the texts qualify as "telemarketing"

- Whether the actions of the Defendant were knowing or willful.
- Whether Defendant maintained the procedures necessary to honor do-not-call requests.

31. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

32. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

33. Common questions of law and fact predominate over questions affecting only individual class members.

34. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were are all automated and made as part of the same telemarketing campaign.

35. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

36. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## CAUSE OF ACTION

### Count One - Telemarketing Calls Made After a Do-Not-Call Request

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

38. Defendant violated 47 U.S.C. § 227(c) and the FCC's regulation at 47 C.F.R. § 64.1200(d)(3) by failing to institute procedures necessary to honor do-not-call requests and by placing telemarketing calls to Plaintiff and the class's residential phone numbers after receipt of a do-not-call request.

39. As a result of Defendant's violations, Plaintiff and the Class are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly made violation, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief:

A. An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23 and appointing the lawyers representing Plaintiff as counsel for the Class.

B. An award of Statutory damages to Plaintiff and the Class for at least the statutory minimum of $500 per violation of the TCPA.

C. An order finding Defendant's violations to be knowing or willful and trebling statutory damages to $1,500 per violation of the TCPA.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully Submitted,

PLAINTIFF, individually and
on behalf of others similarly situated,

By: *s/Timothy J. Sostrin*
Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
tsostrin@keoghlaw.com
Keith@KeoghLaw.com

*Attorneys for Plaintiff*